## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

Janice B. Melvin,                    )          CA: 3:05-1058-CMC
                                     )
                    Plaintiff,       )
                                     )
            vs.                      )          **ORDER AND OPINION**
                                     )
Morgan Stanley Dean Witter,          )
                                     )
                    Defendant.       )
_____)

     This matter is before the Court on motion of Defendant seeking to enlarge the time for filing a responsive pleading (Dkt. No. 22) and on Plaintiff's opposing request for entry of default (Dkt No. 14). For the reasons set forth below, the motion to enlarge time is granted, the request for entry of default is denied, and lesser sanctions are imposed.

### BACKGROUND

     The salient facts, which are not in dispute, are as follows. The Summons and Complaint were served on Defendant on May 5, 2005, by service on its registered agent. A responsive pleading was, therefore, due on or before May 25, 2005, which date passed without filing of any motion or answer.

     An agent of the Defendant, Edward Larkin, Esquire, did, however, contact Plaintiff's counsel on May 26, 2005, to inquire as to the possibility of settling the suit. Larkin acknowledged that the matter was in default and requested that Plaintiff delay entry of default until June 15, 2005, so settlement could be explored. Nauful Affid. ¶¶ 7-10. No settlement discussions have since ensued, beyond Plaintiff providing a demand as requested by Defendant. Nauful Affid. ¶¶ 9,10 & 13.[1]

     Although this intent was apparently not mentioned in the May 26, 2005 teleconference, Defendant, through local counsel, filed an answer on May 27, 2005. Several weeks later, on June 15, 2005, Defendant filed a motion to enlarge the time for answering. In the interim, on June 2, 2005, Plaintiff filed a request for entry of default. Dkt. No. 14.

---

    [1] The assertions in this paragraph are supported by the affidavit of Plaintiff's attorney and have not been challenged by Defendant. The court, therefore, accepts them as true for present purposes.

Regardless of how it is captioned, Defendant's motion to enlarge time will be construed as a motion to set aside entry of default under Rule 55(c) of the Federal Rules of Civil Procedure as, but for Defendant's request for forbearance, default would likely have been entered before the filing of the motion.  Rule 55(c) provides that "for good cause shown the court may set aside entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  *See* Fed. R.Civ.P. 60(b).[2]

The factors to be considered in a motion to set aside entry of default include: (1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default,  (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic.  *See Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401 (D.S.C. 2004) (citing *United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982)).  As discussed below, some of these factors favor entry of default.  The court, nonetheless, concludes that the balance of the factors, most particularly the alternative sanctions considered under the sixth factor, favor granting relief from default.

The first and fourth factors are related and both favor relief from default.  The answer itself was only one day out of time and Defendant acted fairly promptly in filing a motion for relief from default (though not so captioned).  To the extent Plaintiff has suffered any harm from this short delay, it is not significant.  The only aspect of the situation which gives pause as to these two factors is the suggestion that Defendant may have misled Plaintiff's counsel in seeking delay in entry of default.  Any resulting prejudice is, however, mitigated by treating the motion as one for relief from default and other factors discussed herein.

The second factor, likewise, favors relief from default.  While the court makes no prediction as to the success of any defenses, it concludes that Defendant has proffered defenses which, upon the resolution of legitimate factual and legal disputes, may prove meritorious.

---

[2] Rule 60(b) provides six grounds for relief from judgment including "mistake, inadvertence, surprise, or excusable neglect."

The third factor, on the other hand, favors entry of default. The errors leading to default rest with Defendant's in-house counsel or personnel within his area of responsibility. Further, the explanation offered is more telling for what it does not explain: why a "relatively inexperienced intake clerk" was given the critically important task, apparently without proper oversight or review, to calendar deadlines for answers. Neither does Defendant explain how the case happened to come to in-house counsel's attention precisely one day after the deadline if not in the system.

The court is particularly troubled by Defendant's suggestion, found in the affidavit of Defendant's in-house counsel, that the blame somehow rests at the feet of Plaintiff's counsel for failing to send a copy of the suit papers to Defendant's outside counsel. *See* Larkin Affid. ¶ 4.[3] Plaintiff's only responsibility in this area was to serve Defendant itself. There is no dispute that her attorney followed the proper procedure in serving Defendant's registered agent for service of process.

The court has insufficient information to form a view as to the fifth factor: whether the Defendant has a history of dilatory conduct. This is information which would be in Defendant's control, thus, the court will require Defendant to supplement the record with an affidavit from in-house counsel or other knowledgeable person as to whether Defendant has failed to timely respond to any other Answers or had to seek relief from default within the two years preceding the present default. Should that information indicate a history of dilatory behavior, Plaintiff may make a motion for reconsideration of this order.

---

[3] Larkin suggests that Plaintiff was aware of the involvement of Defendant's outside counsel, and suggests service should have been made on him, because this outside attorney, Robert Y. Konig, Esquire, "had previously responded to Ms. Melvin's attorney concerning [Plaintiff's] complaint." Larkin Affid. ¶¶ 4-5. This is a somewhat misleading statement as the referenced letter (Exhibit 1 to Larkin Affid.), was directed to Plaintiff, not to her attorney (despite acknowledging that Plaintiff was represented as to the matter). It was Plaintiff who forward the letter to her attorney, who then wrote Konig, reminding him, as he had previously reminded Larkin (apparently to no avail), that communications should be directed to Plaintiff's attorney. Nauful Affid. ¶¶ 3-4 & Ex. C. (August 16, 2004 letter from Nauful to Larkin). *See also* Nauful Affid., Exhibit E & F (Nauful Letter to Konig and Konig response indicating that Konig had written to Plaintiff, rather than Nauful, because Defendant had no "letter of authorization signed by Ms. Melvin" but failing to explain why a request for such authorization, if required, was not requested after Defendant's receipt of either Nauful's first letter making the complaint on Plaintiff's behalf or second letter, to Larkin, complaining of the direct contact with Plaintiff).

3

The only evidence which is presently before the court which arguably relates to this factor is the suggestion that Defendant used the false promise of settlement negotiations to obtain delay in entry of default and the indication that Defendant's in-house and outside counsel ignored ethical prohibitions on contact with represented parties. *See supra* n. 3. While troubling, these actions, standing alone, do not strike this court as adequate to support entry of default, assuming they may be properly characterized as "dilatory behavior," which is not wholly clear.

Ultimately, the determining factor (subject to reconsideration as noted above), is the availability of other sanctions which this court concludes are adequate to remedy any prejudice. Those sanctions include requiring Defendant to pay Plaintiff an amount equal to her attorney's normal hourly rate times the hours spent relative to Defendant's default, including but not limited to time spent in communication with defense counsel relating to the delay of entry of default and briefing of the motion. Plaintiff's attorney shall file an affidavit as to these amounts within two weeks of filing of this order. Defendant may pay the expense or object to the reasonableness of the amount within two weeks of filing of the affidavit of Plaintiff's counsel.[4] Defendant shall also be compelled to participate in mediation in South Carolina within thirty days of Plaintiff's written request. Defendant shall bear the expense of this mediation.[5]

While the court makes no prior determinations, it also gives notice that it will be particularly circumspect in granting any extensions of time to respond to discovery in this matter. Likewise, the court expects full and prompt cooperation in discovery.

---

[4] If Defendant objects to the reasonableness of the amount sought (whether hours or rates), it shall support that objection with an affidavit setting forth Defendant's corresponding legal fees and expenses for the same time frame, both for local and any out-of-state counsel. To the extent time was invested by in-house counsel in regard to the same matters, that time shall be provided. Supporting billing or time records for the time frame shall be provided by separate cover to chambers for the court's *in camera* review.

[5] The court includes this particular alternative sanction based on Plaintiff's unchallenged assertion that Defendant used the promise of settlement negotiations to procure delay in entry of default, then failed to enter into such negotiations.

## CONCLUSION

For the reasons set forth above, Defendant's motion for an extension of time to answer, construed as a motion to set aside default (Dkt No. 22), is granted.   Plaintiff's request for entry of default (Dkt No. 14) is denied.   Alternative sanctions are provided as set forth above.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

July 20, 2005.

C:\temp\notesB0AA3C\05-1058 Melvin v Morgan Stanley Dean Witter-vlv-default.wpd

5